(Decided 28th June, 1878.)

---

ROBERT LEVERING, CHARLES T. CRANE, *et al. vs.* LAURASON RIGGS and THOMAS Y. CANBY, Trustees. ROBERT LEVERING, ADAM RICHTER LEVERING, *et al. vs.* SAME.

### *Construction of Will—Trustees' Commissions.*

C. L. by his will gave his entire property to his wife for life, and upon her death, he disposed of it as follows : By the 3rd clause he devised a house and lot on Howard street in trust for his wife's niece L. C. for life, and upon her death, he directed that said house and lot should constitute a part of the general residue of his estate, "to be disposed of and pass as such." By the 4th clause he devised a house on Franklin street in trust for his sister E. L. for life, and after her death, in trust for her daughter, and should she die without leaving children, he directed that it should constitute a part of the general residue of his estate. By the 5th clause he devised a store house on south Charles street in trust for his sister A. A. L. for life, and after her death, one-third of the same to each of three of her children, with provision that in case of death without children, each of said third parts of said property should go to and constitute part of the general residue of his estate. By the 6th clause he devised a second store on South street in trust for his sister V. L. for life, and after her death, to her children. By

Levering, *et al.* *vs.* Riggs and Canby, Trustees.

the 7th clause he bequeathed a legacy of $40,000 in trust for his nephew R L , one-half to be paid to him when 25 years of age, and the other half when 30 years of age, with a provision that in case of his death without wife or children, the said legacy or the part thereof not previously paid to him should constitute a part of the general residuum of his estate. By the 8th clause a legacy of $25,000 was given in trust for his nephew C. F., Jr., with a provision that in the event of his death before attaining the age of 30 years, without leaving wife or children, the said legacy or so much thereof as may not have been paid to him should go to and constitute a part of the general residuum of his estate. By the 9th clause he directed certain trustees therein named to sell all the rest and residue of his estate, real, personal and mixed, as soon as practicable, after the death of his wife, and out of the proceeds of sale to pay : 1st. The legacies of $40,000 and $25,000 bequeathed to R. L. and C. F., Jr., and 2ndly, sundry other legacies mentioned in said clause; and then the rest and residue of said net proceeds of sale, if any there should remain after the payment of all the above legacies, he gave to certain nieces and nephews, and then at the close of his will he says : "If there should remain any portion of the residuum of my estate in the hands of my said trustees or either of them, I order and direct and hereby bequeath the same to my next of kin according to the laws of the State of Maryland." C. F., Jr., died in the life-time of the testator's widow, and without leaving wife or children. HELD :

1st. That the $25,000 referred to in the 8th clause of the will, went under the will to the testator's next of kin.

2nd. That the trustees were entitled to commissions on the sales made by them under the 9th clause of the will, but the proceeds arising from such sale being sufficient to pay the legacies of $40,000 and $25,000 bequeathed to R. L. and C. F., Jr., the next of kin were entitled to the legacy of $25,000, without any abatement on account of trustees' commissions.

APPEALS from the Circuit Court of Baltimore City.

The case is sufficiently stated in the opinion of the Court.

The causes were argued before BARTOL, C. J., BOWIE, STEWART, MILLER, ALVEY, and ROBINSON, J.

Levering, *et al. vs.* Riggs and Canby, Trustees.

*Bernard Carter*, for the appellants.

*Skipwith Wilmer* and *Randolph Barton*, for the appellees.

ROBINSON, J., delivered the opinion of the Court.

Clinton Levering, by last will and testament, gave his entire property to his wife for life, and upon her death he disposed of it as follows:

By the third clause, he devised a house and lot on Howard street in trust for his wife's niece, Louisa Childs, for life, and upon her death he directed the said house and lot should constitute a part of the general residuum of his estate, *"to be disposed of and pass as such."*

By the fourth clause, he devised a house on Franklin street in trust for his sister Elizabeth Levering for life, and after her death in trust for her daughter, and should she die without leaving children, he directed it should constitute a part of the general residuum of his estate.

By the 5th clause, he devised a store-house on South street, in trust for his sister Alice A. Levering for life, and after her death one-third of the same to each of three of her children, with provision that in case of death without children, each of said third parts of said property should go to and constitute part of the general residuum of his estate.

By the sixth clause, he devised a second store on South street in trust for his sister Virginia Latimer for life, and after her death to her children.

By the seventh clause, he bequeathed a legacy of forty thousand dollars in trust for his nephew, Robert Levering, one-half to be paid to him when twenty-five years of age, the other half when thirty years of age, with a provision that in case of his death without wife or children the said legacy or all parts or portions thereof not previously paid to him, should constitute a part of the general residuum of his estate.

By the eighth clause a legacy of twenty-five thousand dollars is given in trust for his nephew, Charles Ferguson, Jr., with a provision that in the event of his death before attaining the age of thirty years without leaving wife or children the said legacy or so much thereof as may not have been paid to him, should go to and constitute a part of the general residuum of his estate.

By the ninth clause, he directed certain trustees therein named to sell all the rest and residue of his estate, real, personal and mixed, as soon as practicable after the death of his wife, and out of the proceeds of sale to pay:—

1st. The legacies of $40,000 and $25,000 bequeathed to Robert Levering and Charles Ferguson, Jr., and secondly, sundry other legacies mentioned in said clause; and then the rest and residue of said net proceeds of sales, if any there should remain after the payment of all the above legacies, he gives to certain nieces and nephews. And then at the close of his will, he says:—

"If there should remain any portion of the residuum of my estate in the hands of my said trustees, or either of them, I order and direct and hereby bequeath the same to my next of kin according to the laws of the State of Maryland."

Charles Ferguson, Jr., died in the life-time of the testator's widow, and the legacy of $25,000 bequeathed to him is claimed on the one hand by the appellants, the nieces and nephews of the testator, named as legatees in the ninth clause, and on the other by the appellees, as next of kin under the general residuary clause of the will.

Before determining the rights of the respective parties to the legacy of $25,000, it is necessary to understand precisely what property passed to the trustees under the ninth clause, and which the testator directed should be sold upon the death of his wife.

By the third, fourth, fifth and sixth clauses, the testator specifically devised and bequeathed all his property, except

Levering, *et al. vs.* Riggs and Canby, Trustees.

the house on Garden street, valued at $47,000, the house on Monument street, valued at $18,000, and certain stocks and furniture of the value of about $30,000.

Now the appellants contend that "the rest and residue of his estate" which the trustees by the ninth clause were directed to sell, embraces not only the houses on Garden and Monument streets, and the stocks and furniture, not disposed of by the previous clauses of the will, but also "*the residuum,*" which the testator in the third, fourth, fifth, seventh and eighth clauses directed should upon the happening of certain contingencies constitute part of his estate.

The appellees insist that by "*the rest and residue*" the testator meant only such property as he had not specifically devised and bequeathed in the previous clauses of the will, and that the residuum referred to in said clauses. passes to them as next of kin under the general residuary clause.

The testator had bequeathed $40,000 to Robert Levering, and $25,000 to Charles Ferguson, Jr., and it is obvious that his purpose by the ninth clause was to provide a fund for the payment of these and other legacies mentioned in said clause, all of which were payable in one year after the death of his wife. There was property not specifically disposed of by the previous clauses more than ample to pay these legacies, and when he directed his trustees to sell the rest and residue of his estate for the purpose of paying these legacies, it is clear, we think, he meant such property and such only as he had not disposed of in the former part of his will. None of the devisees. or legatees were to take anything under the third, fourth, fifth, seventh and eighth clauses, until the decease of his. wife; and the property thus specifically devised and bequeathed to them, was not to constitute a "part of the residuum of his estate," except upon the happening of remote and uncertain contingencies. It is not reasonable to

Levering, *et al. vs.* Riggs and Canby, Trustees.

suppose the testator expected these contingencies to happen in the life-time of his wife, and it was upon her death that he directed the rest and residue of his estate to be sold.

If this be so, the death of Ferguson before the legacy was payable to him and without leaving wife or children, in no manner affects the question. In that event, the testator by the eighth clause directs the legacy thus bequeathed to him should constitute part of the *general residuum* of his estate, and if this residuum does not pass to the trustees under the ninth clause, it follows necessarily that the claim of the appellants through the trustees cannot be sustained.

There is but one clause and that alone under which this " residuum " can pass, and that is the general residuary clause in which the testator says :

" If there shall remain any portion of the residuum of my estate in the hands of my said trustees or either of them, 1 order and direct and hereby bequeath the same to my next of kin."

By any other construction this clause is rendered inoperative and of no effect.

If the " rest and residue of his estate" which the trustees under the ninth clause were directed to sell upon the death of his wife embraces *primarily* all of his property not specifically disposed of by the previous clauses, and secondarily " *the residuum,*" which upon the happening of certain contingencies was to form a part of his estate, and if the appellants are entitled to the rest and residue of the net proceeds arising from the sales of the property after the payment of the legacies provided for in said clause, it would follow that in no event and under no possible circumstances could there be any residuum for the next of kin to take. Such must necessarily be the result if the construction contended for be correct—a construction which according to well settled rules ought not to be adopted unless required by the plain language of the will.

On the other hand, the construction insisted on by the appellees gives effect and operation to every clause of the will and is not inconsistent with any general supposed intention of the testator.

The next of kin are sisters and a brother, and are naturally as much the objects of the testator's bounty as the appellants, who are his nieces and nephews.

The trustees are entitled of course to commissions on the sales made by them, but the proceeds arising from such sales being sufficient to pay the legacies of $40,000 and $25,000 bequeathed to Robert Levering and Charles Ferguson, Jr., we are of opinion that the next of kin are entitled to the legacy of $25,000 without any abatement on account of trustee's commissions. The accounts " C." and " D.," therefore, in which the legacy is distributed to them are erroneous in so far as they allow commissions to the trustees on account of said legacy, and the orders ratifying these accounts must be reversed in this respect.

It follows from what we have said the appeal of Robert Levering and others from the decretal order of June 27th, 1877, construing the will of Clinton Levering, and from the order ratifying accounts " C." and " D.," in so far as they distribute the legacy of $25,000 among the parties entitled as next of kin, must be affirmed. We shall, therefore, remand the cause in order that the auditor may state an account in conformity with the opinion of this Court.

> *Orders affirmed in part, and*
> *reversed in part, and*
> *cause remanded for*
> *further proceedings.*

(Decided 28th June, 1878.)

BARTOL, C. J. and ALVEY J., dissented.